STATE OF CONNECTICUT *v.* MICHAEL SABIA
(2437)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued December 1, 1983—decision released February 28, 1984

*Eugene J. Riccio,* assistant public defender, for the appellant (defendant).

*Frank S. Maco,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

BORDEN, J. This is an appeal[1] from the judgment of the trial court granting the state's motion to confiscate the defendant's automobile pursuant to the in rem statute, General Statutes § 54-33g.[2]

---

[1] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred in 1982 to the Supreme Court and was, thereafter, transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] General Statutes § 54-33g (a) provides in relevant part as follows: "When, pursuant to subdivision (1) of subsection (b) of section 54-33a, any property has been seized, which the state claims to be a nuisance and desires to have destroyed or disposed of in accordance with the provisions of this section, the judge or court issuing the warrant shall" summon the owner to appear and show cause why the property should not be "ajudged a nuisance and ordered to be destroyed or otherwise disposed of as herein provided." Subsection (c) provides in relevant part that "[i]f the judge or court finds . . . that the property has been . . . used, with intent to violate . . . the criminal laws of this state, he shall render judgment that such property is a nuisance" and order it disposed of in accordance with the remaining provisions of the statute.

The facts are not in dispute. On August 20, 1981, the defendant was arrested pursuant to an arrest warrant for three illegal sales of drugs to a confidential informant which had taken place in the defendant's automobile. At the time of the arrest the defendant was driving his automobile and had come to Connecticut from New York to participate in a contemplated fourth transaction, the sale of marijuana. The police had set up the transaction using the informant. On the floor in the front of the car was a brown paper bag. After the defendant was placed under arrest the police took the automobile to the police station and made an inventory search of it which disclosed that the paper bag contained marijuana. The police then prepared and obtained from a judge[3] a warrant for the search and seizure of the automobile, and also had the court issue an in rem summons to the defendant pursuant to General Statutes § 54-33g to show cause why the automobile should not be adjudged a nuisance.[4]

After a hearing, the court granted the state's in rem motion, declared the automobile a nuisance and ordered it disposed of under General Statutes § 54-33g. The defendant appealed claiming that the court erred in granting the motion because the scope of in rem proceedings under General Statutes § 54-33g is limited to seizures pursuant to a warrant and the seizure here preceded the issuance of the warrant. We agree.

General Statutes § 54-33g (a) provides for in rem confiscation of property only "[w]hen, pursuant to subdivision (1) of subsection (b) of section 54-33a, any

---

[3] Although the warrant is dated August 20, 1981, the testimony indicated that this was incorrect and that the warrant was obtained on August 21, 1981.

[4] Although the state conceded at oral argument in this court that this warrant was never executed, it attempted by an unusual postargument submission, to which the defendant objected, to convince us that the warrant was executed. Since in our view the automobile was "seized" prior to the issuance of the warrant; see text, infra; this dispute is irrelevant.

property has been seized," and it further provides that "the judge or court issuing the warrant shall" summon the owner and other appropriate parties to a hearing. General Statutes § 54-33a (b) (1) provides for the issuance of search and seizure warrants for "any property (1) possessed, controlled, designed or intended for use or which is or has been used or which may be used as the means of committing any criminal offense." The purpose of General Statutes § 54-33g is "to exercise the sovereign power to forfeit property shown to have been involved in an illegal enterprise." *State* v. *Bucchieri*, 176 Conn. 339, 348, 407 A.2d 990 (1978). "As a general rule, forfeiture is not favored, and statutes providing for forfeiture are strictly construed. *United States* v. *One 1936 Model Ford Deluxe V-8 Coach,* 307 U.S. 219, 226, 59 S. Ct. 861, 864, 83 L. Ed. 1249 (1939)." *United States* v. *One 1977 Cadillac, Etc.,* 644 F.2d 500, 501 (5th Cir. 1981); see also *State* v. *Certain Contraceptive Materials,* 126 Conn. 428, 431, 11 A.2d 863 (1940); *State* v. *One 1960 Mercury Station Wagon,* 5 Conn. Cir. Ct. 1, 10, 240 A.2d 99 (1968); 36 Am. Jur. 2d, Forfeiture and Penalties §. 8. This is particularly so because, although not the case here, forfeiture statutes such as General Statutes § 54-33g apply to innocent owners of the property as well as those with knowledge of the illegal enterprise. *Alcorn* v. *Alexandrovicz,* 112 Conn. 618, 625, 153 A. 786 (1931).

It is clear that this statute, read strictly, as it must be, requires that the issuance of the warrant, pursuant to which the property sought to be confiscated is seized, precede the seizure and that the seizure take place pursuant to that warrant. See *State* v. *Bucchieri,* supra; *State* v. *Anonymous (1980-8),* 36 Conn. Sup. 551, 559, 421 A.2d 867 (1980). This is in contrast with other statutes which have in the past permitted retrospective seizure warrants as the initial step in the in rem process. See, e.g., *State* v. *Verilli,* 132 Conn. 46, 42 A.2d 338

(1945) (construing then § 740g of the 1943 Supplement to the General Statutes, now repealed); *State* v. *Rosarbo,* 2 Conn. Cir. Ct. 399, 199 A.2d 575 (1963) (construing then General Statutes § 53-279, now repealed).

"The word 'seizures' in the Fourth Amendment has, in the main, not been a source of difficulty. The 'act of physically taking and removing tangible personal property is generally a "seizure." ' " 1 LaFave, Search and Seizure § 2.1 (a), p. 221; cf. *State* v. *Ostroski,* 186 Conn. 287, 291–92, 440 A.2d 984, cert. denied, 459 U.S. 878, 103 S. Ct. 173, 74 L. Ed. 2d 142 (1982) (seizure of a person takes place "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."). "[S]topping an automobile and detaining its occupants constitute[s] a 'seizure' within the meaning of [the fourth and fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware* v. *Prouse,* 440 U.S. 648, 653, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979). We see nothing in General Statutes § 54-33g to indicate that its use of the word "seized" means any more or less than the meaning of that term in fourth amendment parlance. " 'Pursuant to' is defined as 'acting or done in consequence or in prosecution (of anything); hence, agreeable; conformable; following; according.' " *Old Colony Trust Co.* v. *Commissioner,* 301 U.S. 379, 383, 57 S. Ct. 813, 81 L. Ed. 1169 (1937). Thus, the automobile here was seized when the police took it to the police station, and that seizure was not pursuant to a warrant.

There is error, the judgment is set aside and the case remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.