STATE OF CONNECTICUT *v.* ONE 1981
BMW AUTOMOBILE
(2102)

BORDEN, DALY and BIELUCH, Js.

Argued October 10—decision released December 3, 1985

*Daniel D. Skuret,* with whom, on the brief, were *Michael Moher* and *Ronald T. Stankye,* law student intern for the appellant (defendant owner).

*John M. Massameno,* assistant state's attorney, with whom, on the brief, were *Dennis Santore,* state's attorney, *Robert D'Andrea,* deputy assistant state's attorney, and *Judith Rossi,* special deputy assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant, Russell Kuskowski, is the owner of a 1981 BMW automobile which was the sub-

ject of an in rem proceeding by the state pursuant to General Statutes § 54-33g.[1] He appeals from the judgment of the court ordering the automobile forfeited, raising several claims of error, one of which is dispositive. The principal issue on appeal is whether a valid summons is a personal jurisdictional prerequisite to forfeiture of the owner's interest in the automobile. We hold that it is, and find error.

The defendant was arrested in 1982 without a warrant when a police officer discovered him using cocaine in his 1981 BMW automobile. In connection with the arrest the automobile was seized and searched. The search yielded more cocaine, drug paraphernalia and cash,[2] which were also seized.[3]

The next morning the police obtained a search and seizure warrant for the automobile. The police had also prepared a document which the judge signed purporting to institute in rem proceedings against the automobile. The document was served on the defendant. The critical issue in the case arises out of this document. In its caption, it listed the defendant's name and address, and identified him as the owner of a 1981 BMW automobile and of cash, which the state sought to have confiscated as a nuisance. The "summons" portion of the document, however, was left blank. That portion of the document was the judicial command to the sheriff or police officer to summon named persons,

---

[1] Although technically the in rem proceeding was against the automobile, we refer to Kuskowski as the defendant because General Statutes § 54-33g (b) provides that if its owner appears "he shall be made a party defendant in such case."

[2] The cash was not the subject of the forfeiture order and is not involved in this appeal.

[3] Upon interrogation, the defendant admitted to using cocaine and to selling it to fellow workers at his place of employment. He was ultimately convicted of possession of cocaine with intent to sell, and possession of cocaine. Those convictions are the subject of a separate appeal pending in the Supreme Court.

including the owner of the property involved, "to appear before the Superior Court . . . to show cause why the property described . . . should not be adjudged a nuisance and . . . disposed of as by law provided."

The defendant timely moved to dismiss the in rem proceeding on the grounds, inter alia, that there was no summons and that any purported summons was not properly completed. The court denied the motion to dismiss. The state then proceeded on the in rem application. The court ordered the car forfeited. This appeal followed.

We agree with the defendant's claim that the court erred by denying his motion to dismiss the in rem proceeding on grounds of personal jurisdiction. Although forfeiture proceedings pursuant to General Statutes § 54-33g often arise incident to criminal prosecutions, as they did here, that " 'statute is not a criminal statute, but provides for a civil action *in rem* for the condemnation and forfeiture of the car which was used in violation of the law.' " *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 485, 493 A.2d 874 (1985).

General Statutes § 54-33g (a) requires that if the state desires to have seized property "destroyed or disposed of in accordance with the provisions of this section, the . . . court . . . shall . . . cause to be left with the owner of . . . the property . . . a *summons* notifying the owner . . . to appear before such . . . court . . . to show cause why such property should not be adjudged a nuisance and ordered to be destroyed or otherwise disposed of as herein provided." (Emphasis added.)

This statute, being a forfeiture statute, must be read and applied strictly. *State* v. *Sabia,* 1 Conn. App. 315, 318, 471 A.2d 673 (1984). "The purpose of General Statutes § 54-33g is 'to exercise the sovereign power to for-

feit property shown to have been involved in an illegal enterprise.' *State* v. *Bucchieri,* 176 Conn. 339, 348, 407 A.2d 990 (1978). 'As a general rule, forfeiture is not favored, and statutes providing for forfeiture are strictly construed. *United States* v. *One 1936 Model Ford Deluxe V-8 Coach,* 307 U.S. 219, 226, 59 S. Ct. 861, 864, 83 L. Ed. 1249 (1939).' *United States* v. *One 1977 Cadillac, Etc.,* 644 F.2d 500, 501 (5th Cir. 1981); see also *State* v. *Certain Contraceptive Materials,* 126 Conn. 428, 431, 11 A.2d 863 (1940); *State* v. *One 1960 Mercury Station Wagon,* 5 Conn. Cir. Ct. 1, 10, 240 A.2d 99 (1968); 36 Am. Jur. 2d, Forfeiture and Penalties § 8. This is particularly so because, although not the case here, forfeiture statutes such as General Statutes § 54-33g apply to innocent owners of the property as well as those with knowledge of the illegal enterprise. *Alcorn* v. *Alexandrovicz,* 112 Conn. 618, 625, 153 A. 786 (1931)." *State* v. *Sabia,* supra.[4]

Thus, "this statute, read strictly, as it must be"; id.; requires that the owner of the property be *summoned to appear* before the court. Because the nature of the in rem action is civil; *State* v. *One 1977 Buick Automobile,* supra; it is appropriate to look to the civil law for the meaning of a summons.

"In ordinary usage of the term, [a summons is the] original process upon a proper service of which an

---

[4] In *State* v. *Sabia,* 1 Conn. App. 315, 471 A.2d 673 (1984), we held that forfeitures pursuant to General Statutes § 54-33g were limited to property seized pursuant to a search warrant. That reading of the statute was "overturned by [a subsequent legislative] amendment" which the Supreme Court "view[ed] . . . as a legislative declaration of what § 54-33g (c), when read in conjunction with § 54-36a (c), was originally intended to mean." *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 479, 493 A.2d 874 (1985). The amendment, Public Acts 1984, No. 84-540, § 4, clarified that General Statutes § 54-33g also applied to property seized pursuant to certain warrantless arrests. We do not, however, regard that legislative declaration as a renunciation of the principle of strict construction of forfeiture statutes long held in this and most other jurisdictions. See *State* v. *Sabia,* supra.

action is commenced and the defendant therein named brought within the jurisdiction of the court . . . . " Ballentine's Law Dictionary (3d Ed.). A summons is part of a citation. "The citation . . . is a command to a duly authorized officer to summon the [defendant] . . . to appear in court on a specific day to answer the [order to show cause]." *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 338–39, 170 A.2d 732 (1961). " 'A citation is a writ issued out of a court . . . commanding a person therein named to appear on a day named to do something therein mentioned.' . . . Similar to the writ used in civil process, the citation is simply a 'direction to the officer to summon the [defendant to court].' Stephenson [Connecticut Civil Procedure § 18]." *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 412, 378 A.2d 519 (1977).

"The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be little more than a deliveryman. . . . The citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . . A proper citation is essential to the validity of the . . . jurisdiction of the court. (Citations omitted.)" *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 716, 461 A.2d 997 (1983), quoting *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra, 339; see also *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985); *Daniels* v. *New Haven Police Department,* 3 Conn. App. 97, 99, 485 A.2d 579 (1985).

The courts of this state have uniformly held that a proper citation and summons is a jurisdictional prerequisite to the validity of an administrative appeal taken pursuant to statute. *Village Creek Homeowners Assn.*

v. *Public Utilities Commission,* supra; *Newtown* v. *Department of Public Utility Control,* supra; *Daniels* v. *New Haven Police Department,* supra; *Board of Education* v. *State Board of Education,* supra. We see no reason why, when the state wishes to confiscate property pursuant to a statute requiring a summons to the owner, it should be held to any lesser standard of acquiring personal jurisdiction over that owner.

Here, the crucial part of the document purporting to comply with General Statutes § 54-33g was left blank. The heading or upper part of the document, containing the specific data relevant to this particular case, did no more than identify the defendant as the owner of the property seized and indicate the date of the seizure. The summons appearing below the heading was left completely blank. Nowhere does the completed form command any officer to summon the defendant, or anyone else, to court, even though the summons on the form indicates that the property owner's name is to be inserted as one to be summoned, along with other claimants to interests in the property. Under these circumstances, the officer serving the document on the defendant was "little more than a deliveryman" of the uncompleted form; *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra; and the court obtained no personal jurisdiction over the defendant for purposes of the in rem proceeding.[5]

The state argues that the defects in the in rem document were merely circumstantial and did not deprive the court of personal jurisdiction over the defendant,

---

[5] Although this proceeding is referred to as a proceeding "in rem," this label does not alter the significance of the specific statutory requirement of a valid summons to the owner of the property as a prerequisite to personal jurisdiction. Cf. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 511, 95 A.2d 260 (1953) (trial court in "in rem" proceeding has power to enter a valid judgment settling title to real estate, even though there is no in personam jurisdiction).

because the document gave him actual notice of the proceedings and because General Statutes § 52-123 excuses, in civil actions, "circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." We reject this argument. "A [summons or] citation is not synonymous with notice"; *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra; and the lack of a "direction to the proper officers for service and [of] a command to summon the defendant to appear in court . . . constitutes more than a circumstantial defect." Id., 340.

This conclusion renders it unnecessary for us to consider the defendant's other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment granting the defendant's motion to dismiss.

In this opinion the other judges concurred.