[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#108)
The motion to dismiss currently before the court arises CT Page 3793 in the context of a petition filed by the state to order forfeiture of money seized in an arrest and search. The court file reveals the following.
On October 8, 1991, the state filed a petition, pursuant to General Statutes Sec. 54-36h, in Superior Court G.A. 9, seeking an order of forfeiture and a finding by the court that Joseph Malone is the owner of or appears to have an interest in the money that is the subject of the forfeiture. On the same day, the court, Austin, J., found Malone to have a property interest in the seized money and ordered the state to give notice to Malone by October 25, 1991, that the court would hold a hearing on the state's petition, pursuant to General Statutes Sec. 54-36h et seq., on November 12, 1991.
On October 17, 1991, the court, Austin, J., ordered the file in this matter transferred to the Middlesex Judicial District. The certificate of transfer certified that the court clerk sent a copy of the certificate "to counsel for each party and each pro se party in said action. . . ."
By a motion for Supplemental Order of Notice, dated November 12, 1991, the state requested that the court issue a new order for notification of hearing date. In support of its motion, the state represented that the sole copy of the petition signed by Judge Austin on October 8, 1991 was filed with the clerk's office at G.A. 9, where, customarily, the clerk would create a file, assign a docket number and then mail a copy of the signed petition to the forfeiture prosecutor. The state further represented in its motion that while the forfeiture prosecutor received a copy of the certificate of transfer, that prosecutor was never mailed a copy of the petition and order signed by Judge Austin on October 8, 1991. The prosecutor obtained a copy of the signed petition on November 12, 1991, upon a visit to the clerk's office for the Judicial District of Middletown.
On December 19, 1991, the court, Austin, J., signed a new order finding Malone to have a property CT Page 3794 interest in the seized money and ordering the state to give notice to Malone by January 15, 1992 of a hearing on the petition to be held on January 21, 1992.
By motion dated January 17, 1992, Malone moved the court to dismiss the petition for forfeiture and order the return of the seized money to him on the ground that the petition and notice were not filed and given within ninety days of the taking as required by section 54-36h. Malone also filed a memorandum of law in support of his motion to dismiss.
On January 21, 1992, the state filed a Return of Compliance, certifying that on January 8, 1992, the state sent notice of the forfeiture hearing by certified mail to Malone. The state attached the postal return receipt which reflects that Malone received notice prior to January 13, 1992, the date the postal receipt was returned to the state.
On February 5, 1992, the state filed an objection to the claimant's motion to dismiss and a memorandum of law.
General Statutes Sec. 54-36h(b) provides in pertinent part:
 Not later than ninety days after the seizure of moneys or property subject to forfeiture pursuant to subsection (a) of this section, in connection with a lawful criminal arrest or a lawful search, the chief state's attorney or a deputy chief state's attorney, state's attorney or assistant or deputy assistant state's attorney may petition the court in the nature of a proceeding in rem to order forfeiture of said moneys or property. Such proceeding shall be deemed a civil suit in equity, in which the state shall have the burden of proving all material facts by clear and convincing evidence. The court shall identify the owner of said moneys or property and any other person as appears to have an interest therein, and order the state to give notice to such owner and any interested person by certified or registered mail, and shall promptly, but not less than two weeks after CT Page 3795 notice, hold a hearing on the petition.
In support of his motion to dismiss, Malone notes that an action for forfeiture of moneys or property is a civil suit in equity and must be started within ninety days of the seizure pursuant to section 54-36h(b). Malone relies on State v. One 1981 BMW Automobile, 5 Conn. App. 540,500 A.2d 961 (1985) for the proposition that "our courts have uniformly required strict adherence to the rules applicable to forfeitures and have not hesitated to dismiss actions started by the State contrary to those rules." Malone therefore reasons that because "a civil action is determined to have been started as of the date of service upon the Defendant," this court lacks jurisdiction because in this case "the Petition to the Court was more than ninety (90) days after the [September 13, 1991] seizure and service was not made for some twenty days thereafter." (Memorandum of Law in Support of Defendant's Motion to Dismiss, #109).
Malone argues that although the state's first petition was within the requisite ninety days, that petition was recognized as a nullity by the court and the state in that the state petitioned the court a second time and the court made a separate finding of ownership on December 19, 1991, and required notice to the defendant by January 15, 1992.
The state argues in opposition that General Statutes Sec. 54-36h does not create an ordinary civil action but rather an action that is in the nature of a proceeding in rem. The state contends that absent any service of process requirement in the statute, the jurisdictional prerequisite for the court in an in rem case is the seizure of property under color of state law and the filing of a petition.
The state further argues that it has complied with the statutory requirement that the petition be filed within ninety days of the seizure. The state argues that the court made its finding and entered an order of notice on October 8, 1991. Although the clerk of the court failed to transmit this order to the state, the state argues that this was a minor clerical oversight by the court that Malone is attempting to convert into a jurisdictional defect.
Forfeiture statutes must be read and applied strictly. State v. One 1981 BMW Automobile, supra, 542. In State v. One 1977 Buick Automobile, 196 Conn. 471, 485,493 A.2d 874 (1985), the court noted that forfeiture actions are civil actions in rem, that is, actions against the res. The CT Page 3796 language of Sec. 54-36h(b) that a petition to the court pursuant to that statute is "in the nature of a proceeding in rem" and "[s]uch proceeding shall be deemed a civil suit in equity. . .," does not support Malone's argument that an action pursuant to Sec. 54-36h(b) is a civil action that requires services upon him to begin the action. Section54-36h(b) requires that the state petition the court not later than ninety days after the seizure of moneys or property subject to forfeiture and that the state be ordered to give notice by certified or registered mail to any owner of the seized money or property and any interested person upon identification of those persons by the court. Absent a specific statutory requirement that the state serve process on those persons identified by the court as owners or interested persons, in personam jurisdiction over those persons is not necessary. See Mendrochowicz v. Wolfe,139 Conn. 506, 95 A.2d 260 (1953) (when equity acts to pass title to real estate by decree it is acting in rem and personal jurisdiction is therefore not necessary).
The state's first petition was neither a nullity nor recognized as a nullity by the state and the court by virtue of the Supplemental Order of Notice filed by the state and the court's separate finding of ownership on December 19, 1991. The Supplemental Order of Notice and the court's second finding of ownership were simply a rectification of the court's error in failing to notify the state of the petition and order signed by Judge Austin on October 8, 1991. Because the state only learned of the signed petition and order on the same day that the court had set for the hearing, it was necessary for the state to request a new hearing date in order to comply with the notice provisions of the statute.
Because the state has complied with the ninety day requirement in Sec. 54-36h(b) in that its petition was filed on October 8, 1991 and the seizure occurred on September 13, 1991, the motion to dismiss is denied. Furthermore, if the court were to consider the petition on October 8, 1991 to be a nullity, which it is not, the court could still find the second filing to be timely. If the state's Supplemental Order of Notice, dated November 12, 1991 was submitted to the court on that day, as the state has represented in its memorandum in opposition to Malone's motion to dismiss (State's Memorandum p. 1), the state's "second" petition would also be timely under the statute. Although the second order was only signed on December 19, 1991 and Malone was noticed before January 13, 1991 of the hearing set for January 21, 1990, those dates standing alone would not indicate CT Page 3797 noncompliance with the statute, since all that is required by Section 54-36h(b) is that the state petition the court not later than ninety days after the seizure. There is no requirement in Sec. 54-36h(b) that the petition be signed or notice given to owners or interested persons within ninety days of the seizure.
For all of the foregoing reasons, Malone's motion to dismiss the state's petition is denied.
HIGGINS, JUDGE