[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (103)
This action arises out of a decision by the defendant Branford Zoning Board of Appeals (Board) granting the application for variances of two Branford Zoning regulations filed by Alphonse and Elaine Falcigno (Falcignos). On December 6, 1991, the plaintiff Barbara Carlson, whose property abuts that of the Falcignos, filed an appeal of the Board's decision.
The plaintiff's citation in this appeal instructs the officer serving the citation and appeal to summon only the defendant Board to appear and to leave copies with or at the usual place of abode of the Chairman or Clerk of the Board, the Clerk of the Town of Branford, and Alphonse and Elaine Falcigno.
On December 5, 1991, the Board filed an appearance, and on December 10, 1991, Elaine Falcigno filed an appearance. On January 7, 1992, Elaine Falcigno and Stephen Falcigno filed an appearance as co-executors of the estate of Alphonse Falcigno, a motion that they be substituted as "parties defendant" for Alphonse Falcigno, who died on November 29, 1991, and a motion to dismiss the plaintiff's appeal with a supporting memorandum of law. The Falcignos move to dismiss the appeal on the ground that the court lacks subject matter jurisdiction because "the defendants [Falcignos] were not properly summoned to appear."
On January 21, 1992, the court, O'Keefe, J., granted the motion to substitute. On January 13, 1992, the plaintiff filed an objection and memorandum of law in opposition to the Falcignos' motion to dismiss. On January 16, 1992, the plaintiff filed a motion to amend the citation in her appeal "to include the names of Elaine Falcigno and Alphonse Falcigno along with the Zoning Board of Appeals of the Town of Branford in the summon [sic] portion. . . ." On January 21, 1992, the plaintiff filed a supplemental memorandum of law in opposition to the Falcignos' motion to dismiss. On January 31, 1992, the Falcignos filed an objection and memorandum of law in support thereof to the plaintiff's motion to amend.
"Any defendant, wishing to contest the court's jurisdiction may do so . . . by filing a motion to dismiss within thirty days of filing an appearance." (Emphasis added.) Practice Book 142. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [and] is analogous to a citation in administrative appeal." (Citations omitted.) Hillman v. Greenwich, 217 Conn. 520, 526, ___ A.2d ___ (1991). A summons is that part of a citation that commands a duly authorized officer to summon the defendant to appear in court on a specific day to CT Page 4283 answer the complaint. Id., 524-25, citing State v. One 1981 BMW Automobile, 5 Conn. App. 540, 543-44, 500 A.2d 961 (1985). "A citation is not synonymous with notice." McQuillan v. Department of Liquor Control, 216 Conn. 667, 671, 583 A.2d 633 (1990), quoting Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336, 170 A.2d 732 (1961).
General Statutes 8-8 (b), pursuant to which the plaintiff has a right of appeal, provides in pertinent part that an appeal "shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) provides:
 Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.
General Statutes 8-8 (e).
Subsection (f) provides:
 Service of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined therein. However, failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal. If service is not made within fifteen days on a party in the proceeding before the board, the court, on motion of the party or the appellant, shall make such orders of notice of the appeal as are reasonably calculated to notify the party not yet served. If the failure to make service causes prejudice to the board or any party, the court, after hearing, may dismiss the appeal or CT Page 4284 may make such other orders as are necessary to protect the party prejudiced. (Emphasis added.)
General Statutes 8-8 (f).
Subsection (e) provides that legal process for an appeal pursuant to 8-8 shall be made by leaving process with or at the usual place of abode of the chairman or clerk of the board and with the clerk of the municipality. That subsection also states that service on the chairman or clerk of the board and the clerk of the municipality shall be for the purpose of notice and not to make those individuals necessary parties to the appeal. Therefore, under subsection (e) only the board itself can be considered a necessary party. Subsection (f) further provides that service of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined in that proceeding. That subsection further states that the failure to make service on parties other than the board shall not deprive the court of jurisdiction over the appeal. Pursuant to 8-8 (e) and (f), an appeal is commenced and the jurisdiction of the superior court is established by service of process on the board alone.
As has been previously mentioned, the plaintiff's citation in this appeal summons only the defendant Board to appear, while providing that the Falcignos be served a copy of the citation and appeal. Because the Falcignos were not named in the summons portion of the citation, they are not defendants in the present action, notwithstanding their filing of appearances and the court's granting of the motion to substitute filed by Elaine Falcigno and Stephen Falcigno as co-executors of the estate of Alphonse Falcigno. Since Alphonse Falcigno was never cited as a defendant in the action, there was no defendant for whom Elaine and Stephen Falcigno could be substituted. Accordingly, because the Falcignos are not defendants in the present action, they have no authority to challenge the court's jurisdiction by way of a motion to dismiss. See Practice Book 142.
In Fong v. Planning Zoning Board of Appeals, 212 Conn. 628,633, 563 A.2d 293 (1989), the court held that a successful applicant to a zoning board of appeals is an indispensable party to an appeal brought by persons aggrieved by the Board's decision. The court in Fong concluded on several grounds, however, "that the failure to cite and serve a successful zoning board applicant does not result in a lack of subject matter jurisdiction and require dismissal of the appeal." Id., 635. The first ground enunciated by the court for its conclusion was "the conjunctive operation of General Statutes 52-108 and Practice Book 100, which prohibit the defeat of an action for non-joinder or misjoinder of parties." Id. Secondly, the court stated that if the failure to cite and CT Page 4285 serve an applicant constituted a jurisdictional defect, 8-8 (d), which authorized the intervention of an applicant, would be rendered superfluous. Id., 636. The court stated that "[w]e must presume that the legislature did not enact a statute authorizing the intervention of a party in an appeal that is void for lack of subject matter jurisdiction because the intervening party was not cited and served when the appeal was commenced." Id. Finally, the court reviewed several of its earlier precedents involving indispensable parties in statutory appeals and concluded that "it is clear that the failure initially to join one whose presence is essential for a complete adjudication of an administrative appeal is a defect not involving subject matter jurisdiction because it is curable at a later stage of the proceeding pursuant to Practice Book 100." Id., 636-37. The court therefore concluded that "[o]nly when the statute authorizing the appeal requires a designated person to be made a party does the failure to do so constitute noncompliance with its terms and thus involve subject matter jurisdiction." Id., 637.
General Statutes 8-8 has undergone revision since the court's decision in Fong v. Planning and Zoning Board of Appeals, supra. Conn. Pub. Acts No. 89-356 (1989), which reorganized the existing provisions, deleted the provision for intervention by a successful applicant and added subsection (f) to provide for service of process on applicants whose legal rights, duties or privileges were determined by the board whose decision has been appealed.
While the Falcignos, as successful applicants before the defendant Board, are indispensable parties to the plaintiff's appeal of the Board's decision under the holding of the court in Fong, the plaintiff's failure to name the Falcignos in the summons portion of her citation does not deprive the court of subject matter jurisdiction. Furthermore, a vehicle exists to join these indispensable parties in the action.
Although one of the grounds relied upon by the court in Fong for concluding that the failure to cite and serve a successful applicant does not result in a lack of subject matter jurisdiction was that 8-8 (d), the intervention mechanism, would otherwise be rendered superfluous, the deletion of the intervention language from 8-8 does not require the abandonment of the court's conclusion in Fong. To read the language of subjection (f), which was added by Conn. Pub. Acts No. 89-356 and requires service of process on successful applicants, to deprive the court of subject matter jurisdiction in those actions where the successful applicant before the board had been served process but not named in the summons would render superfluous the additional language in that subsection which states that the "failure to make service within fifteen days on parties other than the board shall not CT Page 4286 deprive the court of jurisdiction over the appeal." It can be presumed that the legislature did not enact 8-8 (f) to deprive the court of jurisdiction for the failure to cite a successful applicant at the commencement of appeal when the statute itself expressly provides that late service of process on parties other than the board does not deprive the court of jurisdiction over the appeal. Cf. Fong v. Planning and Zoning Board of Appeals, supra; see, also Verrastro v. Sivertsen, 188 Conn. 213, 221,448 A.2d 1344 (1982) ("A statute should be construed so that no word, phrase or clause will be rendered meaningless.")
While 8-8 (f) does not preclude a party filing an appeal from joining successful applicants, who are indispensable parties, by naming and serving those applicants, all that is required under8-8 (f) is that these applicants be served. As indispensable parties, however, these applicants can be joined in the suit by order of the court. See General Statutes 52-108; Practice Book 100. This court orders that the Falcignos be joined as defendants by service of process of a proper citation summoning them to appear in court. Provided this is undertaken by the plaintiff within 45 days hereof this motion is denied.
JOSEPH A. LICARI, Jr., Judge