[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS
This is an in rem proceeding conducted in accordance with the provisions of Conn. Public Act No. 93-265 as amended by Conn. Public Act No. 93-398, to determine the disposition of a 1982 Chevrolet Corvette, Mass. Registration No. 921 SXY, seized by the Hartford Police Department on October 1, 1993. This seizure was made in connection with the arrest of Terrence Stock for a violation of Conn. Gen. Stat. 53a-83, Patronizing a Prostitute.
The First City Acceptance Corp. (hereinafter referred to as First City) of 20 Spring Street, Saugus. Mass., is the owner of the motor vehicle, and Terrence Stock is the lessee. Both of these parties were summoned to appear in court on October 20, 1993 for an evidentiary hearing to be held pursuant to Conn. Public Act No. 93-398 Section 2.(b). The hearing was continued on that date to October 26, 1993 when it commenced. Further proceedings were held in this matter on October 26, 1993 and on November 2, 1993.
Mr. Stock appeared on the hearing dates and was represented by counsel. Counsel for First City last appeared in court on October 26, 1993. On that date, the State stipulated that First City had no knowledge, or reason to CT Page 9438 know, that the vehicle was being used to patronize a prostitute. Counsel for First City then indicated that, with the Court's permission, he would not be in attendance at future court dates on the matter. The court acquiesced to this request.
At the evidentiary hearing the State called three Hartford Police Department officers as witnesses. On November 2, 1993, the State rested its case. At the conclusion of the State's case, counsel for Terrence Stock moved the court to dismiss the forfeiture proceeding. Two grounds were cited in support of this motion. First, that the Court lacked subject matter jurisdiction over the forfeiture proceeding because the State failed to prove that Mr. Stock was lawfully arrested for a violation of Conn. Public Act. No. 93-265 section 2, Patronizing a Prostitute from a Motor Vehicle. Second, that the court lacked subject matter jurisdiction because the State failed to serve a summons upon First City within the time constraints as set forth in Conn. Public Act No. 93-398 section 2.(a).
The court ordered the parties to file written memoranda of law detailing their respective positions on the issues presented. In his memorandum Mr. Stock abandoned his second claim pertaining to the issue of timely service of the summons upon First City.
The Court, having considered the entire record of this case, grants the Motion to Dismiss on the basis that Terrence Stock was not lawfully arrested for a violation of Conn. Public Act No. 93-265 section 2 at the time of the seizure of the motor vehicle. Accordingly, the Court is without subject matter jurisdiction over the instant forfeiture proceedings.
FACTS
During the early morning hours of October 1, 1993, the Hartford Police Department conducted an undercover operation on Ward Street. The purpose of the operation was to identify and arrest persons who sought to patronize prostitutes. This operation entailed the use of a female police decoy, posing as a prostitute. The female officer was equipped with a radio transmitting device which was monitored by other police officers.[1]
CT Page 9439
At approximately 1:45 A.M. on the aforementioned date Terrence Stock was arrested by officers engaged in the undercover operation. In connection with this arrest, a gray 1982 Chevrolet Corvette, Mass. Registration No. 921 SXY, was seized. It was subsequently determined that First City is the owner of the vehicle and Terrence Stock is the lessee.
Terrence Stock was arrested for an alleged violation of Conn. Gen. Stat. 53a-83, Patronizing a Prostitute. In connection with the arrest, he is alleged to have offered Det. Gamble money in exchange for oral sex. This crime allegedly took place while Mr. Stock was occupying the motor vehicle. A surety bond in the amount of $1,500 was set at the Hartford Police Department Headquarters. Mr. Stock posted this bond and was released from police custody on Oct. 1, 1993.
The State's Attorney has, by way of a one count information dated October 1, 1993, charged Mr. Stock with violation of 53a-83, Patronizing a Prostitute. Terrence Stock thereafter appeared in Superior Court G.A. 14 on October 14, 1993 and entered a plea of not guilty to this charge. The matter was then continued to November 2, 1993 on the court's pretrial docket.
Also appearing in the clerk's file is a substitute information which is signed by an Assistant State's Attorney and dated October 7, 1993. This document purports to charge Mr. Stock with a violation of Conn. Public Act No. 93-265 section 2., Patronizing a Prostitute from a Motor Vehicle. This document is not file stamped, or otherwise endorsed by the clerk of the court. In addition as previously stated, Mr. Stock appeared in court on October 14, 1993 and was put to plea on an information charging him with a violation of Conn. Gen. Stat. 53a-83. There is no evidence before the court which discloses the date when the substitute information was placed in the clerk's file, or why Mr. Stock was not put to plea on the charge when he appeared in court on October 14, 1993.
In accordance with Conn. Public Act No. 93-398 section 2.(a) both Terrence Stock and First City were summoned to appear in court on October 20, 1993. Terrence Stock has moved the court to dismiss the instant in rem proceeding. In support of this motion, he argues that Conn. Public Act. No. 93-398 section 2.(a) mandates that the seizure of the vehicle CT Page 9440 take place in conjunction with a lawful arrest for a violation of Conn. Public Act No. 93-265 section 2.
The state opposes the pending motion. It contends that Conn. Public Act No. 93-398 section 2.(a) merely requires a lawful arrest, in which the underlying facts support a violation of Conn. Public Act No. 93-265 section 2., Patronizing a Prostitute from a Motor Vehicle.
DISCUSSION
The pending motion to dismiss challenges the court's subject matter jurisdiction. Conn. Practice Book 146 provides; "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The court lacks "subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989). The issue which must be resolved is whether an arrest for a violation of Conn. Public Act 93-265 is a condition precedent to the court's jurisdiction to conduct the forfeiture proceeding. Lampasona v. Jacobs,209 Conn. 724, 728 553 A.2d 175 (1989).
The pertinent portion of the law which is at issue is Conn. Public Act No. 93-398 section 2.(a). It provides in relevant part:
 When any motor vehicle which may have been used in a violation of section 2 of PUBLIC ACT 93-265 has been seized as a result of a lawful arrest for a violation of said action and which the state seeks to have destroyed or disposed of in accordance with the provisions of this section, the law enforcement agency arresting the person accused of violating section 2 of PUBLIC ACT 93-265 shall, within ten days after such seizure, cause to be left with the owner of, and with any person claiming of record a bona fide lien, lease or security interest in the vehicle so seized as of the date of seizure, or at his usual place of abode, a summons notifying the owner and any such other person claiming such interest that the motor vehicle has been seized, that the owner or his agent, CT Page 9441 permittee or lessee may secure release of the motor vehicle upon substitution of a bond as provided in section 5 of PUBLIC ACT 93-265 and that the owner or other interested person shall appear before such judge or court at a place and time named in such notice which shall be not less than ten nor more than twenty days after the service thereof. (emphasis added).
Conn. Public Act. No. 93-398 section 2.(b) requires that a hearing be held. This hearing is "deemed a civil suit in equity." Id. At this hearing, "the prosecuting authority shall have the burden of proving all material facts by clear and convincing evidence." Id.
This standard of proof has been defined as:
 ". . . a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution . . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist."
Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36, 42,557 A.2d 1241 (1989); quoting Dacey v. Connecticut Bar Assn.,170 Conn. 520, 536-37, 368 A.2d 125 (1976).
The material facts which must be proven are that "the motor vehicle was used in violation of section 2 of Public Act 93-265 and that such owner or interested person knew or should have reasonably known that such motor vehicle was being used or was intended to be used in violation of Section 2 of Public Act 93-265 . . . ." Conn. Public Act No. 93-398 Section 2.(b).
Section 2 of Conn. Public Act 93-265 provides as follows in relevant part:
 (a) A person is guilty of patronizing a prostitute from a motor vehicle when he, while occupying a motor CT Page 9442 vehicle: (1) Pursuant to a prior understanding, pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him; or (2) pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person or a third person will engage in sexual conduct with him; or (3) solicits or requests another person to engage in sexual conduct with him in return for a fee; or (4) engages in sexual conduct for which a fee was paid or agreed to be paid.
Terrence Stock has moved the court to dismiss the instant in rem proceeding on the basis that the vehicle was not "seized as a result of a lawful arrest for a violation of Conn. Public Act. No. 93-265 section 2., Patronizing a Prostitute from a Motor vehicle. Accordingly, he argues that the court is without subject matter jurisdiction to conduct forfeiture proceedings.
The state, on the other hand, maintains that the Public Act does not require an arrest for a violation of the act. It contends that the only requirement is a lawful arrest in which the underlying facts involved support a violation of Conn. Public Act. No. 93-265 section 2.
In an in rem civil action "the guilt or innocence of the owners of the [property] is not in issue. The only issue is whether the [property] was used in violation of the law. This follows from the nature of the action which is one against the res, an action in rem." State v. Connelly, 194 Conn. 589, 592483 A.2d 1085 (1984), quoting Alcorn v. Alexandrovicz,112 Conn. 618, 623, 153 A. 786 (1931); see also: State v. One 1977 Buick Automobile, 196 Conn. 471, 485, 493 A.2d 874 (1985).
"In Connecticut and elsewhere in the United States, forfeiture came to be recognized, not in its common law version, which authorized the wholesale invalidation of property rights, but as an authorized adjunct for the exercise of powers specified in particular criminal statutes." State v. Champagne, 206 Conn. 421, 429, 538 A.2d 193 (1988).
An appropriate analysis of the issue requires the court to apply several established rules of statutory construction. "As a general rule, forfeiture is not favored, and statutes providing forfeiture are strictly construed." State CT Page 9443 v. Sabia, 1 Conn. App. 315, 318, 471 A.2d 673 (1984); State v. One 1981 BMW Automobile, 5 Conn. App. 540, 542-543,570 A.2d 700 (1985). "[I]f a statute is clear and unambiguous, there is no room for construction . . . [w]hen the statutory language is clear and unambiguous, it is from that source that we deduce the intent of the legislature." (citations omitted). Nichols v. Warren, 209 Conn. 191, 196, 550 A.2d 309
(1988). Finally, in those instances "[w]here a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries." Southington v. State Board of Labor Relations, 210 Conn. 549,561, 556 A.2d 166 (1989); quoting Doe v. Manson, 183 Conn. 183,186, 438 A.2d 859 (1981).
Conn. Public Act No. 93-398 section 2.(a) provides for an in rem forfeiture of a motor vehicle. It states in part; "[w]hen any motor vehicle which may have been used in a violation of section 2 of Public Act 93-265 [Patronizing a Prostitute from a Motor Vehicle] has been seized as a result of a lawful arrest for a violation of said section and which the state seeks to have destroyed or disposed of in accordance with the provisions of this section, the law enforcement agency arresting the person accused of violating section 2 of Public Act 93-265 . . . ." (emphasis added) shall summon the appropriate person to a hearing which is a civil suit in equity.
An "arrest" has been defined as "an actual or constructive seizure or detention of the person, performed with the intention to effect an arrest and so understood by the person detained." (citations omitted.) State v. Damon,214 Conn. 146, 153, 570 A.2d 700 (1990).
It is also instructive to compare the language of the Public Act to other forfeiture statutes. Conn. Gen. Stat.54-33g, for example, merely provides in relevant part for the forfeiture of certain property which, "has been seized as a result of a lawful arrest or lawful search . . . ." (emphasis added). However, Public Act 93-398 section 2.(a) refers to a lawful arrest for a violation of a specific statute, 93-265 section 2. In this regard it is important to note that: "in construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Citation omitted). State v. Havican, 213 Conn. 593, 600, 569 A.2d 1089 (1990). CT Page 9444
The intent of the legislature can also be gleaned from the remarks of the House Chairman of the Judiciary Committee when he summarized the intent of the legislature. The Representative stated in relevant part:
 Mr. Speaker, the Senate in its wisdom probably listened to the debate on the john bill and figured out that I had trapped my good friend, the speaker, and found that some of the language should be more consistent with general rules of law such as using languages knew or should have known rather than, what was it? Could have known. Further it makes it clear that the procedure to use for seizing a vehicle is that which is outlined in the statute itself and no other. I move for adoption.
* * *
 Through you, Mr. Speaker, as I indicated when I was summarizing, it makes it clear that the procedures to be used in seizing vehicles would be only those which are outlined in the bill itself and not other kinds of forfeiture statutes which might otherwise ought to be used. (Emphasis added).
36 H.R. Proc. Pt. 39, 1993 Sess., pp 13824-13825 (June 9, 1993) (remarks of Rep. Tulisano).
In applying these rules of statutory construction in conjunction with the meaning of the term "arrest" a person must be arrested for a violation of Conn. Public Act. No. 93-265 section 2., at the time of the vehicles seizure, as a condition precedent to the court's subject matter jurisdiction over the forfeiture proceeding.[2]
Terrence Stock was arrested on Oct. 1, 1993 for the crime of Patronizing a Prostitute, in violation of Conn. Gen. Stat.53a-83, and the vehicle was seized. Thereafter on Oct. 14, 1993 he appeared in court and entered a plea of not guilty to that charge. Mr. Stock was not arrested for the crime of Patronizing a Prostitute from a Motor Vehicle as is required by Conn. Public Act 93-398 section 2.(a). Consequently, the in rein proceeding was not commenced in accordance with the statutory requirements and therefore the court lacks subject matter jurisdiction. See: State v. One 1976 Chevrolet Van, 19 Conn. App. 195, CT Page 9445 199, 562 A.2d 62 (1989). The fact that he received the appropriate summons to appear for the forfeiture proceedings does not obviate the initial requirement that he be arrested for the aforementioned crime.
Accordingly, the court grants the motion to dismiss and orders the 1982 Chevrolet Corvette which was seized by the Hartford Police Department returned to Terrence Stock and First City.
CONCLUSION
Based upon the foregoing, the court grants the motion to dismiss. The 1982 Chevrolet Corvette, Mass. registration No. 921 SXY, seized by the Hartford Police Department on Oct. 1, 1993 is ordered returned to Terrence Stock and First City.
BY THE COURT, Peter Emmett Wiese, J.