[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: DISPOSITION OF SEIZED PROPERTY)
Attorneys Not available.
This matter involves the disposition of video tapes seized as evidence in connection with a criminal investigation. These tapes are identified as items 14, 15 and 16 on an inventory of property seized without a search warrant and numbered 94-39ww(s). The above named defendants are listed as the owners of the seized property. They had been charged with assisting in the suicide of one Binh Pham, and were granted accelerated rehabilitation. The charges against them have been dismissed upon the satisfactory completion of the A.R. program.
The state seeks to have the tapes either declared a nuisance (§ 54-33g(a)) or forfeited (§ 54-36a(c)). The defendants seek an order that the tapes be returned to them as the rightful owners.
As a general rule forfeiture of property is not favored and statutes providing for forfeiture must be strictly construed. State v.Sabia, 1 Conn. App. 315, 317-319 (1984).
The provisions of § 54-33g(a) cannot be applicable to the facts of this case as argued by counsel. That section provides for the forfeiture of property seized in connection with a criminal arrest or seized pursuant to a search warrant without an arrest. As the inventory states, this was property seized without a warrant, and there was no evidence presented that it was seized in connection with a criminal arrest. (It appears from the arguments of counsel that the defendants were arrested by warrant several weeks after the tapes were obtained by the police).
Further, if the state wishes to proceed under this statute, it must commence an in rem proceeding within the time limits set forth. CT Page 828 The failure to cause a valid summons to be issued to the owner deprives the court of in personam jurisdiction. State v. One 1981BMW Automobile, 5 Conn. App. 540, 541, 542-546 (1985).
That procedure was not followed in this case, thus § 54-33g(a) is inapplicable.
The second basis for the state's claim is that the Court should find that the property be forfeited pursuant to § 54-36a(c). That section provides that in relevant part "[U]nless the Court finds that such property shall be forfeited . . ., it shall, at the final disposition of the criminal action . . . order the return of such property to its owner. . . ."
The state argues that, under its general discretionary authority, the Court should conclude that the return of the tapes would violate public policy in that they are video recordings of a religious or ceremonial suicide, and that it is against public policy to encourage suicidal behavior.
Although § 54-36a(c) is not a model of clarity, the interpretation requested by the state, that the Court has the authority to merely declare an item of evidence forfeited, is a conclusion this Court is not willing to reach.
In light of case law requiring strict construction of the applicable statutory provisions and the stated public policy of disfavoring forfeiture, it would seem that, at the very least, an evidentiary hearing is required to enable the Court to make findings which could be the basis of a forfeiture. In this regard it is instructive that § 54-33g(b) requires the state, in an in rem proceeding to determine if the property is a nuisance, to prove all material facts by clear and convincing evidence. Although § 54-33g(b) does not apply to the facts of this case, it seems appropriate and logical that the same protections should be afforded the property owners when a forfeiture is sought.
There was no evidence presented which would enable this Court to declare the tapes should be forfeited and therefore the state cannot prevail.
For the foregoing reasons the items in dispute are ordered returned to their rightful owners. CT Page 829