PETER H. ERTEL *v.* LESLIE CAROTHERS, COMMISSIONER OF ENVIRONMENTAL PROTECTION ET AL.
(11351)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued February 24—decision released April 5, 1994

*Peter H. Ertel,* pro se, the appellant (plaintiff).

*David H. Wrinn,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attor-

ney general, and *Joseph Rubin,* assistant attorney general, for the appellee (named defendant).

PER CURIAM. The plaintiff appeals from the judgment of the trial court dismissing the plaintiff's administrative appeal from the decision of the department of environmental protection. On appeal to the trial court, the plaintiff was obligated, by the provisions of General Statutes (Rev. to 1989 as in effect until July 1, 1989) § 4-183 (b),[1] to serve the appeal petition on the agency and all parties of record. The record discloses that the agency permitted Oak Leaf Marina, Inc., Scott Masse and Sherry Masse to become parties to these proceedings as intervenors, and, as parties, were entities that the plaintiff was required to serve pursuant to the statute.

Our review of the record reveals that the deputy sheriff, in attempting to serve Oak Leaf Marina, Inc., made service, according to his return, as follows: "Also on the 2nd day of June, 1989, I left a true and attested copy of the within original writ, summons and complaint/petition/appeal, motion for stay and unsigned order with and in the hands of Stephen Richard, Esquire, of the law firm of Robinson & Cole, who is

---

[1] General Statutes (Rev. to 1989 as in effect until July 1, 1989) § 4-183 (b) provides: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

authorized to accept service for the within named defendant, Oak Leaf Marina, Inc., in the Town of Hartford." The sheriff's return also indicates that service of the appeal documents was purportedly made on Scott Masse and Sherry Masse by service on attorney Stephen Richard of the law firm of Robinson & Cole, "who is authorized to accept service for the within named defendant[s] Scott Masse . . . [and Sherry Masse] in the Town of Hartford."

General Statutes § 52-57 (c) provides the method for service of process on private corporations,[2] while subsection (a)[3] of that statute provides the method of making service of process on individual defendants in civil cases. The trial court found that no effective service was made on the corporate defendant nor was any proper in hand or abode service made on either Scott Masse or Sherry Masse. Because of the deficiency in the service of process on both the corporate party and the named individual parties, the trial court found that it lacked subject matter jurisdiction and dismissed the plaintiff's appeal.[4] We agree.

[2] General Statutes § 52-57 (c) provides in pertinent part: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located . . . ."

[3] General Statutes § 52-57 (a) provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

[4] " 'Each agency proceeding commenced before July 1, 1989, is governed by the law in effect when the proceeding was commenced.' " *Vernon Village, Inc.* v. *Carothers*, 217 Conn. 130, 138, 585 A.2d 76 (1991). General Statutes § 4-183 (b) as it existed at the time of the commencement of the proceeding herein required service of the petition on the agency and all parties of record.

Appeals from administrative agencies exist only under statutory authority; *Rose* v. *Freedom of Information Commission,* 221 Conn. 217, 223, 602 A.2d 1019 (1992); and, to exercise the statutorily granted right of appeal, the appellant must strictly comply with the statutory authority by which the right of appeal is created. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 163–64, 561 A.2d 931 (1989). Only the agency qualified for service by certified mail, and it was therefore incumbent on the plaintiff to make in hand or abode service on the individual parties pursuant to § 52-57 (a) and by serving a proper corporate officer or listed employee as mandated by § 52-57 (c). The plaintiff failed to do so. Rather, he served the attorney for the parties. Thus, the service failed to comply with the statutes.

"The appeal provisions of the statute are jurisdictional in nature"; *Basilicato* v. *Dept. of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985); thus, the failure of the plaintiff to comply strictly with the mandates of General Statutes (Rev. to 1989 as in effect until July 1, 1989) § 4-183 (b) and General Statutes § 52-57 (a) and (c) renders the appeal subject to dismissal for lack of subject matter jurisdiction in the trial court. *Tarnopol* v. *Connecticut Siting Council,* supra, 212 Conn. 163. Once the matter of lack of subject matter jurisdiction comes to the attention of the trial court, even if it results from a suggestion of the trial court suo motu, the trial court can proceed no further until the issue is resolved. *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81 (1946); see also *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission,* 227 Conn. 848, 851, 633 A.2d 305 (1993) (setting forth right of trial court to raise issue of lack of subject matter jurisdiction sua sponte). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found

. . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145; see *Polymer Resources, Ltd.* v. *Keeney,* 227 Conn. 545, 557, 630 A.2d 1304 (1993).

We conclude that the trial court properly found a lack of subject matter jurisdiction over this administrative appeal and thus properly dismissed the action.

The judgment is affirmed.