STATE OF CONNECTICUT v. $1970

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 940518
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed June 30, 1994

*Cardwell, Cardwell & Smoragiewicz,* for the owner.

*Victor Carlucci Jr.,* assistant state's attorney, for the state.

WIESE, J. The proceeding in issue is in rem in nature, held pursuant to General Statutes § 54-36h to determine the disposition of $1970 in United States currency. These moneys were seized on November 8, 1993, incident to an arrest.

On February 25, 1994, the state attempted to commence forfeiture proceedings in accordance with § 54-36h by filing with the court a petition and motion for sealing of court exhibit. On April 14, 1994, pursuant to § 54-36h (b), the court identified the owner of the moneys and ordered the state to give the owner notice

of the hearing date on the petition. The state's motion for sealing of court exhibit was also granted on April 14, 1994.

The filing of the petition in the present matter on February 25, 1994, was in excess of ninety days after the November 8, 1993 seizure of the moneys.[1] Accordingly, the court, by order filed April 7, 1994, instructed the parties to submit a memorandum of law detailing their respective positions on what effect, if any, the date of filing of the petition had on the jurisdiction of the court to proceed on the petition.

Both the state and the identified owner of the moneys filed memoranda with the court. A hearing was held on this issue on May 17, 1994. In oral argument the state maintained that the failure to file the petition within the statutory ninety day period was neither a complete defense to the forfeiture nor a jurisdictional defect to deprive the court of authority to hear the case.

The court, having considered the entire record of this case, finds that it is without subject matter jurisdiction over the present forfeiture proceeding as a result of the state's failure to file its petition in a timely manner. Accordingly, this in rem civil proceeding is dismissed.

The issue before the court is whether compliance with the ninety day time period specified by § 54-36h (b) is a condition precedent to the court's jurisdiction to conduct the forfeiture proceeding. *Lampasona* v. *Jacobs,* 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. C. 3244, 106 L. Ed. 2d 590 (1989) (principle as applied to summary process).

---

[1] General Statutes § 54-36h (b) provides in relevant part: *"Not later than ninety days* after the seizure of moneys or property subject to forfeiture . . . in connection with a lawful criminal arrest or a lawful search, the chief state's attorney . . . may petition the court in the nature of a proceeding in rem to order forfeiture of said moneys or property. . . ." (Emphasis added.)

In this regard, Practice Book § 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The court lacks subject matter jurisdiction "only if it has no competence to entertain the action before it." *Bridgeport* v. *Debek,* 210 Conn. 175, 180, 554 A.2d 728 (1989).

"Once the matter of lack of subject matter jurisdiction comes to the attention of the trial court, even if it results from a suggestion of the trial court suo motu, the trial court can proceed no further until the issue is resolved." *Ertel* v. *Carothers,* 34 Conn. App. 18, 21, 639 A.2d 1055 (1994); *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81 (1946). " 'Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' " *Ertel* v. *Carothers,* supra, 21–22, quoting Practice Book § 145.

The pertinent statute governing the timeliness of the state's petition is § 54-36h (b), which provides in relevant part: *"Not later than ninety days* after the seizure of moneys or property subject to forfeiture . . . in connection with a lawful criminal arrest or a lawful search, the chief state's attorney . . . *may* petition the court in the nature of a proceeding in rem to order forfeiture of said moneys or property. . . . (Emphasis added.)

The state readily acknowledges that its forfeiture petition was filed with the court beyond the ninety day time period. It maintains, however, that the untimely filing has no effect upon the jurisdiction of the court.

The state's principal argument is divided in two parts. First, it contends in its brief that the phrase "not later than ninety days" is directory, not mandatory, and

"merely a guidepost to permit the state to systematically and efficiently process" in rem drug asset forfeiture cases. The state asserts that the absence in § 54-36h of "negative words" to invalidate a filing beyond the ninety day limit is indicative of legislative intent to allow such untimely filings. The linchpin of the state's argument is its reliance on the word "may." In essence, it appears to the state that it can file a petition in rem at any time after the seizure of moneys or property.

Second, the state maintains that the responsibility to assert the defect is that of the owner or interested party, not that of the court, and that failure to contest specifically the state's delinquency should be considered a waiver by the court.

The proper analysis of the issue in this case requires the court to consider the language of the statute, the legislative history, and the nature of drug asset forfeiture proceedings.

This court does not agree with the state's initial position that there is no mandatory language in the statute requiring the state to file a petition for forfeiture within ninety days. The court is constrained to follow well established principles of statutory construction to ascertain and give effect to the apparent intent of the legislature. *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986). "[W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) *Weinberg* v. *ARA Vending Co.,* 223 Conn. 336, 341, 612 A.2d 1203 (1992). The language of § 54-36h (b) is clear and unambiguous. It means what it says. The state *"may* petition the court in the nature of a proceeding in rem to order forfeiture," but if it chooses to do so, the petition must be filed *"[n]ot later than ninety days* after the seizure of moneys or property." General Statutes § 54-36h (b). (Emphasis added.)

The state's mandatory/directory argument for an unlimited time period is misplaced. Nothing in the language of § 54-36h (b) supports the claim that the General Assembly intended to permit the use of an untimely filed petition to initiate an in rem forfeiture proceeding. On the other hand, a literal reading of § 54-36h (b) indicates that the only discretion permitted relates to the decision of the state's attorney on whether or not to file a petition with the court.[2]

Forfeiture of property is not a generally favored remedy. Forfeiture statutes must be read and applied strictly. *State* v. *Champagne,* 206 Conn. 421, 430, 538 A.2d 193 (1988); *State* v. *One 1981 BMW Automobile,* 5 Conn. App. 540, 542, 500 A.2d 961 (1985).

The state has further maintained that the absence of language to invalidate petitions filed beyond the ninety day period signifies legislative intent to tolerate late filings. There is, however, nothing in the legislative history of § 54-36h (b) to support that assertion.

Prior to the passage of Public Acts 1989, No. 89-269, § 54-36h (b) provided in relevant part: *"At any time* after the seizure of moneys subject to forfeiture pursuant to subsection (a) of this section . . . the prosecuting official . . . may petition the court in the nature of a proceeding in rem to order forfeiture of said moneys. . . ."* (Emphasis added.)

In relevant part, Public Acts 1989, No. 89-269 amended § 54-36h (b) to its present form of "[n]ot later than ninety days." The House of Representatives debate on that act indicates, among other things, that the legislators were anxious to provide stricter mea-

---

[2] The state argues that the ninety day filing period roughly tracks the average life of a typical drug case. It suggests that the time provision was intended by the legislature to secure order, system and dispatch in the proceedings by coordinating the civil asset forfeiture with the underlying criminal proceedings. The state presents no authority for this position.

sures against illegal drug profit yet at the same time cautious to frame these measures constitutionally to incorporate procedural safeguards. Representative Richard D. Tulisano, recognizing that the federal legislation had "gone over the edge," stated that Connecticut's drug asset forfeiture bill was "designed . . . to go to the edge." 32 H.R. Proc., Pt. 20, 1989 Sess., p. 6934. "What we have done in this bill is try to attempt to preserve some rights of the citizen against the government and that is why that section [on the hearing process] is in there and it reflects some lower court decisions at the federal court level." Id., p. 6938.

While the federal statutes provide a broad time period for filing, the Second Circuit Court of Appeals[3] in *United States* v. *Banco Cafetero Panama,* 797 F.2d 1154, 1163 (2d Cir. 1986), citing *United States* v. *$8850,* 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983), required the government to commence a forfeiture action within a "reasonable time" after seizure.

More revealing of the intent of the legislature are the remarks of Representative Dale W. Radcliffe. "If the state initiated a civil proceeding [within] 90 days, *which it must do* under this file copy in order to confiscate the property, could an individual merely exempt property from confiscation by declaring in some forum his intent to use that money for attorney's fees . . . ." (Emphasis added.) 32 H.R. Proc., Pt. 20, 1989 Sess., p. 6952.

"[S]tatutes must be viewed as a whole in order to ascertain the legislative intention." *In re Adrien C.,* 9 Conn. App. 506, 510, 519 A.2d 1241, cert. denied,

---

[3] Some federal decisions indicate a growing apprehension about the procedural inadequacies of civil forfeiture laws and potential governmental abuses of those laws. See, e.g., *United States* v. *All Assets of Statewide Autoparts, Inc.,* 971 F.2d 896, 905 (2d Cir. 1992).

203 Conn. 802, 522 A.2d 292 (1987). "Every word in a legislative enactment is presumed to have meaning." *State* v. *Freedom of Information Commission,* 184 Conn. 102, 107, 441 A.2d 53 (1981). While the legislators never directly addressed the words "not later than ninety days," the only reasonable conclusion is that the change in wording limited the time to commence an in rem forfeiture proceeding to not later than ninety days after the seizure.

Furthermore, to the extent that the state refers to the ninety day time period as a statute of limitations, the court will note that "[s]tatutes of limitations are statutes of repose and are designed . . . [to allow] persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . ." (Internal quotation marks omitted.) *Gabrielle* v. *Hospital of St. Raphael,* 33 Conn. App. 378, 384, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). This principle should apply equally in the present case.

In the second portion of its argument, the state contends that the ninety day time restriction is a procedural or personal limitation and does not raise a challenge to the court's subject matter jurisdiction. *Diamond National Corp.* v. *Dwelle,* 164 Conn. 540, 546–47, 325 A.2d 259 (1973). In support of its position the state relies on the proposition that "where a statute gives a right of action which *did not exist at common law,* and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right . . . ." (Emphasis added; internal quotation marks omitted.) *L.G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 512, 356 A.2d 144 (1975), citing, *Diamond National Corp.* v. *Dwelle,* supra, 543. In rem forfeiture, the state asserts, existed at common law, and therefore, the time limitation of

ninety days in § 54-36h (b) should be procedural and personal rather than substantive or jurisdictional and consequently subject to waiver by the claimants.

In *State* v. *Champagne,* supra, 206 Conn. 421, the Supreme Court indicated that forfeiture is a method deemed necessary by the legislature to restrain the commission of criminal offenses and to aid in their prevention. English common law recognized forfeiture. "In Connecticut and elsewhere in the United States, [however,] forfeiture came to be recognized, not in its common law version, which authorized the wholesale invalidation of property rights, but as an authorized adjunct for the exercise of powers specified in particular criminal statutes." Id., 429.

It is significant, therefore, that § 54-36h (b) contains a specified time period for filing a petition with regard to a statutory remedy that has no common law counterpart. "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even by the court sua sponte, and may not be waived." (Citations omitted.) *Ecker* v. *West Hartford,* 205 Conn. 219, 232, 530 A.2d 1056 (1987).

The court finds that the present in rem forfeiture proceeding is a construction of the legislature. Hence, commencement of that action can only occur during the prescribed time period of ninety days. The time limitation is substantive and jurisdictional.

Timely filing is a jurisdictional prerequisite to the court's competence to entertain the present in rem forfeiture. The moneys were seized on November 8, 1993. One hundred and nine days later, on February 25, 1994, the state filed a petition with the court to commence forfeiture proceedings pursuant to General Statutes § 54-36h. Accordingly, the civil proceeding is dismissed.