[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Peter H. Ertel brings this action for a declaratory judgment and other relief against the defendant commissioner of environmental protection. The subject of the action is the commissioner's final decision in an administrative proceeding ordering the plaintiff to dismantle a dock and other structures that the plaintiff constructed on his property and extending into the Connecticut River at Old Saybrook. The defendant moves to dismiss, claiming the court lacks subject matter jurisdiction. The court finds the issues in favor of the plaintiff.
Certain essential facts are not in dispute. The plaintiff purchased the property prior to 1982. At the time of purchase, the property had a 155' pier extending into the Connecticut River, which had been constructed pursuant to a permit issued in 1958. In June 1982, the plaintiff applied to the commissioner and was issued a permit to expand the pier, subject to certain specifications and conditions.
In December 1985, the commissioner notified the plaintiff that an inspection revealed that he had violated the conditions of the 1982 permit in various ways. After negotiations failed, the commissioner issued an order revoking the 1982 permit. The order further provided as follows:
2. Upon the effective date of this order (the CT Page 9558 plaintiff) shall immediately remove all docks, pilings, floats, piers, riprap, fill, and any other structure or work seaward of the high tide line at the site.
 3. Within ten days of the effective date of this order (the plaintiff) shall restore the shoreline at the site to the condition existing before the commencement of unauthorized work.
At the plaintiff's request, the commissioner held a hearing on the revocation. In May 1989, the hearing officer rendered a final decision in which he affirmed the revocation order, including the provisions set forth above. The plaintiff appealed that decision to. this court pursuant to General Statutes §4-183.
On April 20, 1992, this court, Schaller J., dismissed the plaintiff's appeal of the hearing officer's decision. Ertel v.Carothers, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 89 036 26 20 (filed May 1, 1992, dated April 20, 1992). The basis of the court's decision was, first, that the court lacked subject matter jurisdiction because the plaintiff had failed to make service on all parties of record as required by General Statutes (Rev. to 1989) § 4-183b. The court also stated that it would "however, . . . discuss the merits of the appeal, as well." Judge Schaller then considered each of the plaintiff's claims and concluded they should not be sustained on the merits.
The plaintiff appealed the Superior Court decision. On April 5, 1994, the Appellate Court rendered its decision affirming the judgment of the Superior Court. Ertel v. Carothers, 34 Conn. App. 18
(1994). The Appellate Court did not consider the merits of the plaintiff's claims on appeal. The sole basis of that court's decision was the lack of subject matter jurisdiction resulting from the failure to serve all parties of record. The court stated, "We conclude that the trial court properly found a lack of subject matter jurisdiction over this administrative appeal and thus properly dismissed the action."
It is appropriate here briefly to analyze the decisions of the courts as they concerned the merits of the plaintiff's claims in his administrative appeal. The issue of subject matter CT Page 9559 jurisdiction "must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations and internal quotation marks omitted). Castro v. Viera, 207 Conn. 420, 429
(1988). In this case, both the Superior Court and the Appellate Court determined that the administrative appeal had to be dismissed for lack of jurisdiction. Since the Superior Court was deprived of jurisdiction to hear the appeal, so much of its decision as addressed the merits of the plaintiff's claims was dictum and not binding. That decision is not res judicata on those claims.
Subsequent to the Appellate Court's decision affirming the dismissal of his administrative appeal, the plaintiff brought this action seeking a declaratory judgment. The basis of the defendant commissioner's motion to dismiss is that the action is barred by the rule requiring exhaustion of administrative remedies and the corollary to that rule, which is that the administrative remedy and its own judicial review procedure are the exclusive means of challenging decisions of state agencies. See Pet v. Department of Health Services, 207 Conn. 346, 352
(1988).
In his complaint in this action, the plaintiff sets forth many, if not all, the allegations and arguments that he advanced in his previous administrative appeal. The court agrees with the defendant commissioner that the plaintiff cannot use the declaratory judgment mechanism as a substitute for an appeal under the Administrative Procedure Act, General Statutes §§4-166 et seq. See also Practice Book § 390(c). However, this rule does not prohibit all declaratory judgment actions against state agencies.
"While one may use the declaratory judgment procedure to interpret or determine the meaning of an administrative order, it cannot be used to review the question whether the administrative agency acted correctly or erroneously in rendering its order."Hartford Electric Light Co. v. Water Resources Commission et al,162 Conn. 89, 105 (1971), cited by the defendant commissioner.
The plaintiff in this case is not entitled to a review of the merits of the hearing officer's decision. Such a review has been foreclosed by the previous administrative appeal, which invoked the proper forum and procedure and sought just such a review. This is so notwithstanding that the courts never effectively CT Page 9560 reached the merits of the plaintiff's claims.
The plaintiff is entitled to a declaratory judgment interpreting the administrative agency's order. And in this case, in his complaint, the plaintiff has pointed to an ambiguity in the order that deserves explanation.
Section 2 of the order, set forth above, requires the plaintiff to remove all construction seaward of the high tide line. This would appear to require him to remove even the dock that was in existence prior to his acquisition of the property and that had been authorized by a permit that is not in issue in this case. Section 3 of the order, by contrast, requires the plaintiff to restore the shoreline to the conditions "existing before the commencement of unauthorized work." This would appear to allow the plaintiff to leave the original dock intact, since it existed at the shoreline before the commencement of the work that the commissioner found to be unauthorized.
In view of the ambiguity in the agency's decision as summarized above, the plaintiff is entitled to request, by way of a declaratory judgment, modification of that decision.
The motion to dismiss is denied.
MALONEY, J.