[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Grinnell Fire Protection Systems Co. (Grinnell) filed a three count complaint against the Hartford Fire Insurance Co. Inc. CT Page 9528 (Hartford) and; subsequently, filed an amended complaint.
In count one, Grinnell alleges that it is a Delaware corporation doing business in the State of Connecticut with an office located in Newington, Connecticut. Hartford is a corporation engaged in the business of providing surety bonds in the State of Connecticut with its principal place of business located at Hartford Plaza, Hartford, Connecticut.
At all relevant times, Grinnell performed as subcontractor under a contract ("the contract") with Wayne Construction Corp. ("Wayne"), which served as the general contractor for a construction project in Redding, Connecticut, known as the Code Update Work at Joel Barlow High School ("the Project"). Under the contract, Grinnell agreed to provide labor and materials in connection with installation of fire sprinkler protection systems for the Project for an agreed-upon price of $223,800, which was later adjusted to $225,600. Pursuant to the contract, Grinnell provided labor and materials to the Project up through at least October 19, 1994. The plaintiff properly submitted requests for the payment of the $225,600. Wayne failed and/or refused to pay $68,286 of the $225,600.
Pursuant to § 49-41[1] of the General Statutes, Hartford, as surety, executed and provided Wayne, as principal, with Payment Bond No. 4663528 ("payment bond") for the benefit of Grinnell, which supplied materials and labor used or employed by Wayne in the execution of the Contract.
Under the payment bond, Hartford was obligated to make prompt payment for all materials and labor used in the project where its principal, Wayne, failed to make such payment. Because Wayne failed to pay, the defendant, pursuant to the terms of the payment bond, is obligated to pay Grinnell $68,386.
On or about April 14, 1995, Grinnell gave notice of its claim to Hartford in accordance with § 49-42 and demanded payment of all sums due. Hartford failed to pay and/or deny the claim within 90 days as required by § 49-42. In a letter from its attorney dated July 25, 1995, Hartford advised Grinnell that it would not pay the claim because the claim was untimely. Grinnell alleges that it has provided documentation and other information to Hartford to establish that the claim was timely under §49-42. Although demand was made for payment, Hartford has failed and/or refused to make such payment in accordance with its CT Page 9529 obligation under the payment bond.
In count two, which incorporates the factual allegations contained in count one, Grinnell alleges that Hartford's conduct and its continued failure and/or refusal to pay Grinnell constitutes bad faith and is a further breach of § 49-42. In count three, which incorporates the factual allegations contained in count one, Grinnell further alleges that the aforementioned conduct of Hartford constitutes unfair or deceptive acts or practices of its business in violation of § 42-110a et seq. of the General Statutes.
Hartford has filed a motion to dismiss the plaintiff's complaint pursuant to Practice Book § 145 on the grounds that the court lacks subject matter jurisdiction. On February 26, 1996, Grinnell filed an objection to Hartford's motion to dismiss. On April 1, 1996, Hartford filed a reply to Grinnell's objection to the motion to dismiss. On May 22, 1996, Grinnell filed a response to Hartford's reply to Grinnell's objection to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."[2] (Citation omitted; emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544; Third Taxing District v. Lyons, 35 Conn. App. 795,803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173
(1994). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13; Lemoine v McCann,40 Conn. App. 460, 461 n. 1, cert. denied, 237 Conn. 904,674 A.2d 1330 (1996).
The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light.Savage v. Aronson, 214 Conn. 256, 264; see also Lemoine v.McCann, supra. The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional CT Page 9530 issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees,207 Conn. 59, 62.
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.[3] (Internal quotation marks omitted.)Grant v. Bassman, 221 Conn. 465, 470. Subject matter jurisdiction can be raised at any time. Sawmill Brook Racing Assn., Inc. v.Boston Realty Advisors, Inc., 39 Conn. App. 444, 448. Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case.Golden Hill Paugussett Tribe of Indians v. Southbury, 231 Conn. 563,570; see also Gurliacci v. Mayer, supra, 545. Parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. Sadloski v. Manchester, 228 Conn. 79, 84; see alsoDemar v. Open Space Conservation Commission, 211 Conn. 416,424; Ertel v. Carothers, 34 Conn. App. 18, 21-22.
The defendant asserts that there are two jurisdictional defects in the complaint: 1) the plaintiff entered into its contract with the principal, and Hartford issued the bond before the statute revision, under which the plaintiff seeks relief, became effective. As a matter of law, the 1994 revision to §49-42 does not apply retroactively to bonds issued before the effective date of the revision and the plaintiff, whose claims are all based on an alleged violation of § 49-42 of the General Statutes (Rev. to 1994), has, therefore, not stated a cause of action that may be heard by the court; 2) the plaintiff failed to meet the statutory requirement of providing certified notice to the surety and a copy to the contractor.
 I
The defendant argues that at the time the plaintiff entered into the contract with the principal, Wayne, and Hartford issued the bond, which is the subject of the plaintiff's complaint, § 49-42 (a)[4] required that notice of a payment bond claim be provided on the bonding company "within one hundred eighty days after the date on which" the last labor was performed or material supplied by the claimant. The defendant avers that the court lacks subject matter jurisdiction because the plaintiff has brought this action under § 49-42, amended by 1994 Public Acts, No. 188, effective October 1, 1994[5], which provides a CT Page 9531 longer period in which to make a claim (the one hundred eighty day period available to the subcontractor to provide notice to the surety and "a copy of the notice" to the principal begins to run thirty days from the date the state or municipality makes payment to the contractor).
Our Supreme Court has consistently expressed its reluctance to construe statutes as having retroactive application. AmericanMasons' Supply Co. v. F. W. Brown Co., 174 Conn. 219, 222. A statute affecting substantial changes in the law is not to be given retrospective effect unless it clearly and unequivocally appears that such was the legislative intent. Our Supreme Court, therefore, found that a 1969 amendment to § 49-42, which involved the period of time within which the subcontractor has to commence suit, is not to be given retroactive effect. AmericanMasons' Supply Co. v. F. W. Brown Co., supra, 222-25.
The General Assembly intended §§ 49-41 and 49-42 to operate in general conformity with the federal statute, popularly known as the Miller Act (40 U.S.C. § 270a-270e). "The federal courts have concluded, in construing the Miller Act, that it is the statute in force at the time of the execution of the contract which controls." American Masons' Supply Co. v. F. W. Brown Co.,
supra.
Unlike American Masons' Supply Co., the amendment to §49-42 by 1994 Public Acts, No. 188, concerns the period of time within which the subcontractor has to provide notice of claim on the surety rather than period of time within which the subcontractor has to commence suit. Taking into account; however, our Supreme Court's general reluctance to give statutes retroactive effect and its ruling in American Masons' Supply Co.,
it is reasonable to conclude that amendment to § 49-42 by 1994 Public Acts, No. 188, should not be given retroactive effect. Furthermore, because § 49-42 (Rev. to 1987) was in effect at the time of the execution of the contract between the defendant and the principal, it must control.
Viewing the allegations of the complaint in their most favorable light, the plaintiff did satisfy the notice requirement as set forth in § 49-42 (Rev. to 1987) as far as providing notice to the defendant. In the complaint, the plaintiff attests that it provided labor and materials to the project up through at least October 19, 1994, and gave notice of its claim to defendant in accordance with § 49-42 on April 14, 1995[6]. Notice of CT Page 9532 claim to Hartford was within one hundred eighty days after the date on which the plaintiff performed the last of the labor or furnished the last of the material for which the claim was made; therefore, the plaintiff satisfied the notice requirement of § 49-42 (Rev. to 1987) as to the defendant surety.
The defendant contends; nevertheless, that the court lacks subject matter jurisdiction because the plaintiff entered its subcontract with the principal and Hartford issued the bond before the revised § 49-42, under which plaintiff seeks relief, became effective. "It is clear that our general practice in this state is to require fact pleading only." Steele v.Stonington, 225 Conn. 217, 221 n. 7. In addition to general pleading requirements, Practice Book § 109A (a) more specifically sets forth a pleading requirement for parties asserting a claim pursuant to a statute. Todd v. Glines,217 Conn. 1, 10. Practice Book § 109A provides that "[w]hen any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." Our Supreme Court has determined, however, that the requirement of Practice Book § 109A is directory, rather than mandatory. Rowe v. Godou,209 Conn. 273, 275. "As with general pleading requirements, the purpose underlying § 109A (a) is to promote the often expressed judicial policy of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court." (Brackets omitted; internal quotation marks omitted.)Todd v. Glines, supra.
In Steele v. Stonington, supra, 222-23, our Supreme Court found that even though the plaintiff failed to cite the General Statute section, upon which the action was based, in his complaint, "the allegations of the complaint were sufficient to state a cause of action" under that statutory section. Moreover, the court determined that the plaintiff's reference to the wrong statute in the notice did not invalidate the notice. Even though the plaintiff in the present case refers to § 49-42 (Rev. to 1994) in his complaint as the basis for the action, the allegations of the complaint are sufficient to state a cause of action under § 49-42 (Rev. to 1987). Further, the reference to § 49-42 (Rev. to 1994) in the notice by the plaintiff did not invalidate the notice to the defendant surety. The defendant's motion to dismiss is denied as to the first ground offered by the defendant even though the plaintiff refers to the CT Page 9533 amended § 49-42 in his notice to the surety and complaint.
 II
The defendant further argues that the court lacks subject matter jurisdiction because the plaintiff failed to meet the statutory requirement of providing certified notice to the surety and a copy to the contractor. "[General Statutes] § 49-42 (a) makes compliance with the statutory notice requirements a precondition to its recovery on the surety bond." Okee IndustriesInc. v. National Grange Mutual Ins. Co., 225 Conn. 367, 370. The apparent function of the statutory requirement that the contractor be served with "a copy of the notice" to the surety is to alert the contractor of the surety's impending involvement in the fiscal management of the project. The statute thus permits the surety to assert as a defense to an action on the bond not only a lack of timely notice to the surety itself, but also a lack of "a copy of the notice" to the general contractor. OkeeIndustries, Inc. v. National Grange Mutual Ins. Co., supra, 371-76.
Section 49-42 is a remedial statute enacted to provide security for workers and materials suppliers unable to avail themselves of the protection of a mechanic's lien. "Because the statutory requirement of a bond is designed to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims, without defeat or undue delay . . . such statutory provisions are to be liberally construed." (Citations omitted; brackets omitted, internal quotation marks omitted.) OkeeIndustries, Inc. v. National Grange Mutual Ins. Co., supra.
Again, because § 49-42 was patterned after federal legislation popularly known as the Miller Act; 40 U.S.C. § 270a through 270d; the Connecticut Supreme Court has regularly consulted federal precedents to determine the proper scope of our statute. Of specific relevance to the present case are the federal precedents that have relied on a standard of substantialperformance rather than strict compliance when construingstatutory notice requirements dealing with the service of noticeand with the contents of notice. (Emphasis added.) The court referred to Fleischer Engineering Construction v. United Statesex rel. Hallenbeck, 311 U.S. 15, 19, 61 S.Ct. 81, 85 L.Ed. 12
(1940), in which the Supreme Court of the United States "held that the statutory requirement for service of notice should not CT Page 9534 be enforced in light of undisputed evidence that the notice hadactually been given and received." (Emphasis added.) OkeeIndustries, Inc. v. National Grange Mutual Ins. Co., supra, 375. "Numerous decisions of federal courts of appeals have similarly held a timely written notice to be sufficient despite technical deficiencies in its content if notice in fact was actually givenand received." (Emphasis added.) Id., 375-76.
In Okee Industries, Inc., the subcontractor, in an attempt to satisfy the requirement of § 49-42 that "a copy of the notice" be sent to the general contractor, wrote a letter to the general contractor, challenging the general contractor's calculation of the amount remaining unpaid and demanding immediate payment by the general contractor. At the bottom of this letter, the subcontractor appended a notation indicating that a copy was being sent to the surety. The statutory requirement would have been met, on its face, if the subcontractor, in one of its timely written notices of claim to the surety, had appended a legend indicating that a copy was being sent to the general contractor, and had then proceeded to forward a copy as indicated. The Supreme Court determined that in light of the federal cases adopting a liberal construction of statutory requirements relating to notices that, although timely, are imperfectly worded, that the subcontractor complied with the notice requirements of § 49-42 (a). The fact that the general contractor had received actual notice at the proper time persuaded the Supreme Court that the imperfections of the letter fell within the category of deviations that are insubstantial in the absence of demonstrated prejudice. Okee Industries, Inc. v.National Grange Mutual Ins. Co., supra.
In the present case, the plaintiff never sent "a copy of the notice" or any other written notice to the general contractor. The plaintiff, in its objection to defendant's motion to dismiss points to a letter dated February 10, 1995, from Wayne's attorneys, with an attached release, acknowledging a debt owed to the plaintiff and noting the surety's involvement in trying to get payment (Exhibit B). The general contractor's letter sent to the plaintiff two months before the time the plaintiff notified the surety of its claim does not satisfy the obligation imposed on the plaintiff under § 49-42 to provide the general contractor a "copy of the notice" to the surety. Even when construing the provision of § 49-42 requiring that "a copy of the notice" be sent to the general contractor liberally, the plaintiff's failure to send any written notice to the general CT Page 9535 contractor of its letter to the defendant cannot be overlooked. In Okee Industries, Inc., the defect in the subcontractor's notice to the general contractor dealt with its content, and did not involve a complete failure on part of the subcontractor to alert the general contractor of the surety's impending involvement in the fiscal management of the project.
In Bowden v. United States ex el. Mallow, 239 F.2d 572, 576
9th Car. 1956), cert. denied, 353 U.S. 957, 77 S.Ct. 864,1 L.Ed.2d 909 (1967), the supplier, who had no direct contractual relationship with the general contractor, failed to provide written notice to the general contractor before exercising his right of action upon the payment bond as required by 40 U.S.C.A. § 270(a)[7]. The court found that the giving of the written notice specified by the statute is a condition precedent to the right of the supplier to sue on the payment bond. The supplier's failure to provide notice to the general contractor compelled the court to find that the supplier had not secured his right of action on the payment bond.
In the present case, there is a direct contractual relationship between the plaintiff, subcontractor and the general contractor. Our Supreme Court; however, in Okee Industries, Inc.v. National Grange Mutual Ins. Co., supra, acknowledged that "[t]he subcontractor's obligation to give notice to the general contractor of its claim on a payment bond, even if thesubcontractor and the general contractor have a directcontractual relationship, was added by an amendment to the statute in 1987. Public Acts 1987, No. 87-345, § 2." (Emphasis added.) Section 49-42 (a) clearly and unequivocally states that, in order to enforce one's right to payment under apayment bond, one must serve a notice of one's claim on both the surety that issued the bond, and serve a copy of such notice tothe contractor named as principal in the bond, within thespecified period of time. (Emphasis added.) Johnson v. A. Prete Son Construction Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 075403 (December 18, 1995, Stanley, J.). Compliance with the notice requirements set forth in § 49-42 is a mandatory prerequisite to the maintenance of a suit on a bond. L. Suzio Asphalt Co. v. Connecticut IndemnityCo., Superior Court, judicial district of Middlesex, Docket No. 71318 (September 30, 1994, Arena, J.); see also Nor'easter Group,Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 479-80 n. 12. Because the plaintiff failed to provide the general contractor any written notice of its claim on the surety, the court grants CT Page 9536 the defendant's motion to dismiss the plaintiff's complaint.
Moraghan, J.