[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a commercial summary process action involving a written five year lease dated October 1, 1997, between Plaintiff Natan Stempler, (hereinafter sometimes "Stempler"), and Defendant Pablo Toledo D/B/A Palacio Musical (hereinafter sometimes "Toledo") for premises located at 569 Park Street in Hartford. The plaintiff brought a complaint in three counts seeking immediate possession of the premises. The defendant denied the material allegations of the complaint. CT Page 12741
In Count One, the plaintiff alleges the defendant failed to pay rent due and payable on March 1, 1999. The Lease provides that rent in the amount of $850.00 is due in advance on the first day of each month. At trial, the evidence showed that Stempler or his agent routinely comes to the defendant's store to pick up the rent. If the store is busy and Stempler leaves, then there is a delay in picking up the check. For March, Toledo delivered and paid the March rent to Stempler at his premises next door at 563 Park Street on the 15th of March. The Notice to Quit was served on March 16, 1999, after payment of the March rent. Plaintiff's attempt to evict the defendant for nonpayment of March rent must fail.
"[I]n order to maintain an action for summary process for the nonpayment of rent, the lessor must . . . prove a termination of the lease prior to a tender of rent by the lessee. General Statutes § 47a-23a." Simsbury v. Turnpike Realty v. Great A P TEA Co., 39 Conn. Sup. 367, 370, (App. Sess. 1983) (per curiam). Mayron's Bake Shops, Inc. v. Arrow Stores, Inc.,149 Conn. 149, (1961). Judgment may enter for the defendant on Count One.
In Count Two, it is alleged that the Lease requires the defendant to have liability, property and plate glass insurance with the plaintiff named as insured, and that "the defendant has failed to provide the plaintiff with proof of insurance in violation of the lease." Also, in Count Three, it is alleged that the defendant has failed to pay the security deposit of $850.00 in violation of the lease.
The Notice to Quit served upon the defendant states as reasons for termination of the tenancy only the following: "Nonpayment of rent and/or violation of the rental agreement or lease." The Notice to Quit does not contain the specificity required to inform the defendant of the basis for the claimed violation of the lease. See Jefferson Garden Associates v. Green,202 Conn. 128, 143 (1987). Compare Southland Corporation v.Vernon, 1 Conn. App. 439 (1984) and Thomas E. Golden Realty Co.v. Society for Savings, 31 Conn. App. 575, (commercial summary process cases in which the defendants were found to have been sufficiently informed of the specific lease violations.)
I do not find in this case that the notice to quit gave defendant notice of any ground for the claim that he had violated the CT Page 12742 lease. There are no specifics stated in the notice at all.
The Notice to Quit is defective and deprives this court of jurisdiction as to the second and third counts. Jefferson GardenAssociates v. Green, 202 Conn. 128, 143 (1987).
Whenever lack of jurisdiction is brought to the attention of the court, the matter must be dismissed. Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Ertel v.Carothers, 34 Conn. App. 18, 21 (1994). Accordingly, the court,sua sponte, dismisses Counts Two and Three.
Judgment may enter for the defendant.
Tanzer, J.