[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant moves to dismiss the state's forfeiture petition on the grounds that the case was not brought within ninety days of the seizure as mandated by General Statutes § 54-36h (b), and that the defendant was not provided prompt notice or a prompt hearing. The currency in question was seized by the New Britain Police Department on October 11, 1999. The petition was filed ninety five days thereafter on January 14, 2000. The defendant filed the present motion to dismiss on February 15, 2002. The state filed its response on March 27, 2002. A hearing was held on that date and this Court reserved its decision at that time.
General Statutes § 54-36h (b) states in pertinent part that "[n]ot later than ninety days after the seizure of moneys or property subject to forfeiture pursuant to subsection (a) of this section, in connection with a lawful criminal arrest or a lawful search, the Chief State's Attorney or a deputy chief state's attorney . . . may petition the court in the nature of a proceeding in rem to order forfeiture of said moneys or property." The defendant cites the Superior Court decision of State v.$1970, 43 Conn. Sup. 203, 648 A.2d 917 (1994), for the proposition that "the ninety day requirement is mandatory and is the lynchpin to subject matter jurisdiction." Defendant's Memorandum in Support of Motion to Dismiss, p. 2. The state responds that § 54-36h (b) is merely directory, the decision in State v. $1970 was wrongly decided, and that General Statutes § 52-585 provides for a one year statute of limitations for forfeiture suits. See State's Opposition to Claimant's Motion to Dismiss, pp. 1-2.
General Statutes § 52-585 states that "[n]o suit for any forfeiture CT Page 4499 upon any penal statute shall be brought but within one year next after the commission of the offense." However, the following paragraph makes clear that "[t]he provisions of this section shall not apply to any civil action brought by the state or a municipality, or any officer or agent thereof, to recover a forfeiture or civil penalty." Therefore, General Statutes § 52-585 is inapplicable to the present case.
"As a general rule, forfeiture is not favored, and statutes providing for forfeiture are strictly construed." State v. One 1981 BMWAutomobile, 5 Conn. App. 540, 543, 500 A.2d 961 (1985); State v. Sabia,1 Conn. App. 315, 318, 471 A.2d 673 (1984). General Statutes § 54-36h
(b) is clear and unambiguous that forfeiture petitions must be filed within ninety days after the seizure. This Court is in concurrence with the decision in State v. $1970, supra, 43 Conn. Sup. 210-11, that "commencement of [the forfeiture proceeding] can only occur during the prescribed time period of ninety days," and that "[t]imely filing is a jurisdictional prerequisite to the court's competence to entertain the . . . in rem forfeiture." Practice Book § 10-33 provides that "whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." The forfeiture petition was filed ninety five days after the seizure of the currency, and therefore, the defendant's motion to dismiss is granted.
As a result of the Court's ruling, the defendant's alternate argument that he was not provided prompt notice or a prompt hearing is moot.
Dated at New Britain, Connecticut this tenth day of April, 2002.
BY THE COURT,
 ___________________ Dunn, J.T.R.